# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **BOBBIE THOMPSON** | * | **CIVIL ACTION NO. 19-0485** |
| vs. | * | **JUDGE TERRY A. DOUGHTY** |
| **CYPRESS GROVE BEHAVIORAL HEALTHCARE A/K/A MERIDIAN BEHAVIORAL HEALTH SYSTEMS F/K/A LIBERTY HEALTHCARE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Rule 12(b)(6) filed by Defendant Corey Norris. [doc. # 8]. For reasons explained below, it is recommended that the motion be **GRANTED**.

## Background

On April 16, 2019, Plaintiff Bobbie Thompson filed the above-captioned lawsuit against her former employer, Cypress Grove Behavioral Healthcare a/k/a Meridian Behavioral Health Systems f/k/a Liberty Healthcare ("Meridian"), and her co-employee and supervisor, Corey Norris (collectively, "Defendants"). [doc. # 1]. She alleges that Defendants subjected her "to a hostile work environment due to sexual harassment committed by" Norris, and Meridian "failed to take reasonable action or remedial measures upon notice" of the harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and Louisiana law. (*Id.* ¶ 3).

On May 28, 2019, Norris filed the instant motion to dismiss the claims asserted against him by Thompson. [doc. # 8]. Norris contends that neither Title VII nor Louisiana law permits Thompson to recover against Norris, an individual employee of Meridian. [doc. # 8-1 at 1].

On June 14, 2019, Thompson filed a motion for leave of court to file an Amended Complaint, [doc. # 10], which the Court granted, [doc. # 12]. The Amended Complaint adds causes of action against Norris under the Fair Labor Standards Act ("FLSA") and for "battery and assault, sexual battery, sexual assault, and intentional infliction of emotional distress" under Louisiana law. [doc. # 13 ¶¶ 3(a), 47(a)]. That same day, she filed an opposition to the motion to dismiss, agreeing that Norris "may not be held individually liable in a supervisory capacity under Title VII." [doc. # 11 at 1]. However, she claims Norris can be held liable (1) under the FLSA because the FLSA allows suits against both employers and supervisors; and (2) for battery and assault, sexual battery, sexual assault, and intentional infliction of emotional distress because Louisiana law provides remedies for these claims. (*Id.* at 5).

In light of the amendment, the Court extended the deadline for Norris to reply to Plaintiff's opposition until June 28, 2019, so that Norris could address the allegations contained in the Amended Complaint. [doc. # 14]. Norris did not file a reply.

## Standard of Law

Federal Rule of Civil Procedure 12(b)(6) sanctions dismissal when a plaintiff fails "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully, *id.*; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations contained in the complaint, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A court may permit a well-pleaded complaint to proceed even when "actual proof of those facts is improbable" or recovery is unlikely. *Twombly*, 550 U.S. at 556. But a court will dismiss a complaint "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## Discussion

### I. Title VII

"[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003); *see* 42 U.S.C. § 2000e(b) (definition of "employer"). As Norris notes, and Thompson agrees, Norris was not Thompson's employer, but rather her co-employee who also worked in a supervisory capacity. [doc. # 8-1 at 3; doc. # 1 ¶ 16; *see* doc. # 11 at 1]. Thus, Thompson does not have a cause of action against Norris under Title VII, and this claim should be DISMISSED.

### II. State Law Claim

3

Thompson asserts a state law claim for negligent and wrongful hiring, retention, and supervision due to Norris' alleged actions. [doc. # 1 ¶¶ 38–47]. However, she does not specify whether this claim is asserted against one or both defendants.

Louisiana law recognizes the tort of negligent hiring, which encompasses the hiring, training, and retention of employees. *Roberts v. Benoit*, 605 So. 2d 1032, 1037 n.6, 1044 (La. 1991) (citing La. Civ. Code. art. 2315). A cause of action for negligent hiring is one against the employer, not the employee. *See id.* at 1044 (noting that an *employer* has a duty to exercise reasonable care in hiring, retaining, and training employees (emphasis added)); *Brown v. City of Alexandria*, No. CV 17-0798, 2019 WL 1119578, at *4 (W.D. La. Mar. 8, 2019) (recognizing that "*employers* have a duty to exercise reasonable care in hiring, retaining, and supervising employees" (emphasis added) (citations omitted)). Because Norris is not an employer, this claim against him should be DISMISSED.

## **Conclusion**[1]

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Norris' motion to dismiss [doc. # 8] be **GRANTED** and Plaintiff's Title VII and negligent and wrongful hiring, retention, and supervision claims against Defendant Norris be **DISMISSED WITH PREDJUCE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written

---

[1] Because Norris does not move to dismiss Thompson's FLSA or battery and assault, sexual battery, sexual assault, and intentional infliction of emotion distress claims, [*see* doc. # 13], the Court need not address them.

4

objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 3rd day of July 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE