UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BOBBIE THOMPSON** | * | **CIVIL ACTION NO. 19-0485** |
| **vs.** | * | **JUDGE TERRY A. DOUGHTY** |
| **CYPRESS GROVE BEHAVIORAL HEALTH A/K/A MERIDIAN BEHAVIORAL HEALTH SYSTEMS F/K/A LIBERTY HEALTHCARE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On April 16, 2019, Plaintiff Bobbie Thompson filed the above-captioned lawsuit against her former employer, Cypress Grove Behavioral Health a/k/a Meridian Behavioral Health[1] Systems f/k/a Liberty Healthcare ("Meridian"), and her co-employee and supervisor, Corey Norris. [doc. # 1]. She purports to assert the following claims against Meridian: (1) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* for sexual harassment and hostile work environment; and (2) under Louisiana state law for negligent and wrongful hiring, retention, and supervision. (*Id.*)

On July 1, 2019, Meridian filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Thompson's negligent and wrongful hiring, retention, and supervision claim as barred by the exclusivity provision of Louisiana Workers' Compensation Law, La. R.S. 23:1032. [doc. # 15]. On July 16, 2019, Thompson filed a response, agreeing that these state law claims should be dismissed. [doc. # 18].

---

[1] Improperly named "Cypress Grove Behavioral Healthcare" in the Complaint. [doc. # 15 at 1 n.1].

Accordingly,

**IT IS RECOMMENDED** that Defendant Meridian's motion to dismiss [doc. # 15] be **GRANTED** and Plaintiff's negligent and wrongful hiring, retention, and supervision claims against Defendant Meridian be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 24th day of July 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE